**FILED**
2:38 pm Jun 05 2018
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **MARQUETTE JACKSON,** | ) | **CASE NO. 1:18 CV 1250** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **CORPORAL CLEVELAND,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Plaintiff Marquette Jackson has filed a complaint in this action against "Corporal Cleveland." (Doc. No. 1.) He did not pay the filing fee or an application to proceed *in forma pauperis*. Nor did he submit a Marshal form or summonses that provide an address for, or any identifying information about, the defendant.

His complaint is incomprehensible. It consists of a litany of incoherent and conclusory accusations against the unidentified defendant (and others), and it is laced with profane language. It does not allege discernible legal claims or request specific relief.

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th

Cir. 2001). Moreover, federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that the plaintiff's complaint in this action must be dismissed in accordance with *Apple v. Glenn*. The complaint is so incoherent, implausible, devoid of merit, and frivolous that it does not provide a basis to establish this Court's subject-matter jurisdiction over any claim.

In addition, the Court concludes that the plaintiff should be enjoined from commencing any further actions in this District. The plaintiff has been a frequent filer in this District, and at least eight prior cases he has filed have been dismissed as baseless, unsubstantial, or for failure to state a claim. *See Jackson v. Federal Government et al.*, Case No. 17 CV 2702; *Jackson v. Leonard et al.*, Case No. 17 CV 2678; *Jackson v. Gilmore et al.*, Case No. 17 CV 2618; *Jackson v. Fuerst et al.*, Case No. 17 CV 2603; *Jackson v. Fuerst et al.*, Case No. 17 CV 2601; *Jackson v. Howard*, Case No. 17 CV 2533; *Jackson v. Cooke*, Case No. 17 CV 2532; *Jackson v. Dempsy*, Case No. 17 CV 2496.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). The Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting

additional filings. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation"); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir.1996) ("it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed").

This Court now is now permanently enjoining the plaintiff from filing *any* new lawsuits or any other filings or documents in this District without first seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion the plaintiff makes for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document *shall not* be filed. Further, the plaintiff's failure to comply with all terms of this Order shall be

sufficient ground for the court to deny any motion he makes for leave to file, and may also be considered an act of contempt for which the plaintiff may be punished accordingly.

To implement this Order, and to prevent further harassment of the court by the plaintiff and waste of limited judicial resources, the Clerk's Office is hereby directed as follows:

(1) Any further document submitted by the plaintiff for filing in this District prior to his obtaining leave to file shall not be filed unless it complies with all of the requirements stated above.

(2) The Clerk's Office shall not accept any filing fees, CIS forms, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any motion for leave that the plaintiff files, unless and until leave is granted.

**Conclusion**

For the reasons stated above, the plaintiff's complaint in this case is dismissed for lack of subject-matter jurisdiction in accordance with the Court's authority established in *Apple v. Glenn*. Additionally, the plaintiff is enjoined from filing any new actions, motions, or documents in this District except as expressly stated above.

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision would be frivolous and could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE